DOWNER, Judge.
Plaintiff-appellant suffered an adverse summary judgment in the trial court in this suit for slander.
The record reflects that appellant was employed by appellee as a salesman. The records of the appellee showed that his employment was terminated because he was an “unsatisfactory employee.” In addition, the personnel file also contained a memorandum that appellant was discharged for cause: “Reason, mysterious disappearance of Company funds.” The memo then lists “three documented occasions” upon which the conclusion was based. Subsequent to appellant’s discharge the general manager of appellee’s Brevard Division, John Crowley, was telephonically contacted by a credit bureau inquiring as to the reason for appellant’s discharge. Crowley testified on deposition that he advised the bureau that appellant’s employment had been terminated due to “unexplained cash shortages . . . that Mr. Moseley was terminated *391 because we could not account for certain monies that he had given receipts for.” The alleged shortages amount to about $70.00.
In his deposition appellant testified that he had been on very good terms with his employer prior to termination and that he was given no reason for termination, although he tried to learn the reason. In seeking other employment he was advised that his credit reports indicated that appel-lee had reported that appellant had taken a large sum of money from his employer. Appellant denied any wrongdoing in his employment. Moreover, appellant testified in his deposition that during a contested unemployment compensation proceeding instituted by appellant Mr. Crowley testified “that at no time prior and no time since my dismissal had there been any questions of money disappearing or being taken by any employees of their company.”
Appellee defends the summary judgment in its favor on the grounds that there was no genuine issue of fact involved; that the record demonstrated Crowley’s communication in response to the credit bureau’s inquiry was qualifiedly privileged; and that it is clear there was no malice involved. Appellant seems to concede that the circumstances surrounding the communication might give rise to a qualified privilege, however, he contends that the present record and all reasonable inferences arising therefrom are sufficient to create a genuine issue of fact regarding the allegations of malice. We agree.
Accordingly, the summary judgment for appellee is reversed, and the cause is remanded for further proceedings.
Reversed.
CROSS, J., concurs.
OWEN, C. J., dissents with opinion.