PER CURIAM.
This is an appeal from a judgment wherein the trial judge in effect found and confirmed an agreement between R. R. Moore and Marvin E. Chapman.
The action arose by way of interpleader as the funds in dispute had been placed in escrow with attorneys Smith, Grimsley, Barron & Remington. The records disclose that Moore and Chapman had had a partnership and had been engaged in various business ventures. These partners had had a falling out and their various businesses were financially distressed. Considerable litigation ensued. One such piece of litigation was a mortgage foreclosure action against them and one of their corporations. An opportunity to settle that litigation arose, with the old partners receiving the sum of Seventy Thousand Dollars ($70,000) and assuring themselves of no personal deficiencies by allowing the foreclosure to proceed against the corporation without further controversy. In discussing the settlement an agreement was made between themselves as to the disposition of the proceeds, which included the payment of a portion of the funds to third parties, with the balance of the funds to be equally distributed, one-half to one Jane Moore (apparently the interest of R. R. Moore) and one-half to Dean Chapman (apparently the interest of Marvin E. Chapman). A dispute as to the actual terms of the agreement later developed. Mr. Moore acknowledges the agreement to pay the third parties named but stated that that agreement was conditioned upon the payment of certain engineering expenses. Mr. Chapman denied this and claimed that Moore’s contention was an afterthought. The trial judge resolved this controversy by accepting the version of Chapman and directed the funds to be disbursed in accordance with the agreement as he found it to be.
Mr. Moore urges that that portion of the agreement calling for the payment to third parties cannot stand as it was not in writing, called for the payment of the individual debts of Mr. Chapman and, therefore, violates the provisions of Chapter 725.01, commonly referred to as the Statute of Frauds. The trial judge apparently rejected that contention, as we must here.
We are not favored with a brief from the appellees, nor from specific findings of the trial judge. Nevertheless, it is the responsibility of this court to pronounce the law as it exists in a particular case but with the same admonition to counsel of the appellees as appears in the case of Griffith v. Shamrock Village, Fla., 94 So.2d 854.
It is quite obvious from the record that the agreement to pay these bills was part and parcel of a settlement between the parties. As such, there was independent consideration for the promise to pay. Reading from Craft v. Kendrick, 39 Fla. 90, 21 So. 803,
“This Court, in the case of Pencil Co. v. Wolfe, 30 Fla. 360, text, 371, 11 So. 488, 491, said, ‘Even the promise to pay the debt of a third person, arising out of some new consideration, of benefit to the promissor (emphasis supplied) or harm to the promisee, moving to the promisor, either from the promisee or the original debtor, is not within the statute of frauds, although the original debt still subsists and remains unaffected by said agreement’; and this we think is the true rule.”
Independent consideration which operates to the benefit of the promisor for the payment of a third party debt can take the transaction out of the Statute of Frauds. Harvey v. Bank of Center Hill, 83 Fla. 55, 90 So. 699.
We also note the following language appearing at 72 Am.Jur.2d 737:
“A promise by one person, although he is in no way liable for an existing debt, made to the debtor for an adequate con *762 sideration to discharge the debt, is not regarded as a promise to answer for the debt of another within the meaning of the statute of frauds.”
In any event it appears to us that Mr. Moore received what the trial judge found that he bargained for and that under the facts of this case the Statute of Frauds is not applicable.
The judgment is, therefore AFFIRMED.
BOYER, C. J., RAWLS, J., and MCDONALD, PARKER LEE, Associate Judge, concur.