355 So.2d 457 (1978)
TITAN AGENCIES, INC., Appellant,
v.
S. KORNREICH & SONS, INC., a New York Corporation, Appellee.
No. 76-2299.
District Court of Appeal of Florida, Third District.
February 14, 1978.
Rehearing Denied March 17, 1978.
*458 Mamber, Gopman, Epstein & Foosaner and Craig D. Savage, North Miami Beach, for appellant.
Arky, Freed, Stearns, Watson & Greer and Alison Miller, Miami, for appellee.
Before PEARSON, BARKDULL and NATHAN, JJ.
PEARSON, Judge.
The plaintiff, Titan Agencies, Inc., appeals a summary final judgment for the defendant, S. Kornreich & Sons, Inc. The trial court entered its judgment upon a finding as follows:
* * * * * *
"... the Court reviewed the pleadings, Answers to Interrogatories, affidavits, depositions and exhibits thereto, as contained in the record hereof, and the Court finding that there is no genuine issue of material fact in connection with the third affirmative defense of Defendant, that the oral guaranty sued upon is as a matter of law within the Statute of Frauds, and that therefore Defendant is entitled to a Summary Judgment herein, it is, therefore,"
* * * * * *
The pleadings, answers to interrogatories, affidavits and exhibits in the record viewed with inferences for the party moved against show, in general, that:
In December of 1971, Titan, acting through its President, Earl Lipnick, entered into an oral agreement with Kornreich, acting through its President, Matthew Kornreich. Kornreich had only a non-resident insurance agent's license in Florida and under Florida law was required to issue policies on properties in the state only in cooperation with a Florida resident agent. Titan was such an agent.
The agreement was oral. It provided that the commissions on the policies would be split between the two agencies. Under the arrangement between the agencies, Kornreich, which had the business moving into Florida, would supply the insureds. Billing would only be made through Kornreich *459 to the insureds. The Florida resident agent would not deal directly with the insureds, an arrangement that was designed to protect Kornreich from losing its valuable clients.
Under typical circumstances, Kornreich would telephonically advise Titan that a client needed certain insurance policies in the State of Florida in connection with its Florida properties. It was Titan's responsibility to find an insurer to write the policy, to secure the proper coverages, to obtain the issuance of the policy and to assist the insurance company in securing whatever information necessary to write the risk. Further, Titan had the responsibility of notifying Kornreich when premiums would become due and to forward to the insurers premium payments collected by and remitted to it by Kornreich. In addition to supplying business, Kornreich billed the insured, collected and remitted to Titan. Titan would send Kornreich its split of commission if Kornreich had not already deducted it upon remitting.
Upon the agreements between Titan and the insurers issuing the policies of insurance, Titan was billed for the policies and, typically, after a 45 day period, Titan became obligated to the insurer regardless of whether the premium had been collected. Titan could cancel the policy prior to such a 45 day period.
One of the clients of Kornreich was Howard Garfinkel, who acquired several major hotel and apartment properties in the State of Florida in 1971 and 1972. Gradually, after about one and one-half years, he and the entities he controlled began to get behind in paying premiums. Titan, relying upon assurances of Kornreich that Garfinkel's interests were "good," allowed the 45 day period to pass and became obligated to pay premiums due to various insurers. When the Garfinkel entities began going under, Titan sued Kornreich.
Kornreich claimed that the arrangement was one of guaranty and that the debt was of the insured and, therefore, it was barred by the statute of frauds.
It is apparent from our review of the record that this is not a case where the nature of the promise can be determined with clarity. The promise that controls is the promise of Kornreich made in return for Titan's promise to perform the services. Was it conditioned upon payment by the insured or was it an independent promise? There are portions of the record which support appellee Kornreich's interpretation that the promise was one in the nature of a guaranty and that the debt was that of the insured. On the other hand, there are portions of this record which strongly support appellant Titan's position that the promise of Kornreich was not conditional at all but was simply a promise to pay Titan amounts to be determined based upon the commissions payable. Under these circumstances, we conclude that the trial judge was premature in his application of the principle of law upon which he based his conclusion that Titan could not recover. It is clear that in order to apply the statute of frauds[1] to deprive the plaintiff of a remedy, it is essential to establish which party was to be charged as the primary obligor and if that party has made a direct and unconditional promise to pay, the statute does not apply. See Troup Brothers, Inc. v. State, 135 So.2d 755 (Fla. 2d DCA 1961). Where the evidence before the trial court is susceptible of more than one inference, one of which will support the plaintiff's view of the facts, then summary judgment for the defendant should not be entered. See Pan American Distributing Co. v. Sav-a-Stop, Inc., 124 So.2d 753 (Fla. 1st DCA 1960).
The judgment appealed is reversed and the cause remanded for further proceedings consistent with the views herein expressed.
Reversed and remanded.
NOTES
[1] Section 725.01, Florida Statutes (1973), provides in part:

"725.01 Promise to pay another's debt, etc. No action shall be brought ... whereby to charge the defendant upon any special promise to answer for the debt, default or miscarriage of another person . . unless the agreement or promise upon which such action shall be brought, or some note or memorandum thereof shall be in writing and signed by the party to be charged therewith or by some other person by him thereunto lawfully authorized."