406 So.2d 1202 (1981)
Gertrude E. RIGGS, Appellant,
v.
Ronald J. CAIN, Appellee.
No. 81-162.
District Court of Appeal of Florida, Fourth District.
November 25, 1981.
George F. Bovie, III, of Crary, Buchanan & Meginniss, Chtd., Stuart, for appellant.
Lamar D. Oxford of Dean, Ringers, Morgan & Lawton, P.A., Orlando, for appellee.
ANSTEAD, Judge.
This is an appeal from a final summary judgment entered against the appellant on her claim of defamation against her former employer, appellee. The trial court ruled in essence that the appellee was entitled to judgment on the basis of an affirmative defense of qualified privilege. We reverse.
The appellant, several years after leaving the employ of appellee, secured a job with a savings and loan association. The association made inquiries of appellee, both directly and through a credit bureau, as to appellant's job performance with appellee. Among other things, the appellee informed *1203 the association that after appellant left his employ he discovered that she had been stealing from him. As a result of this disclosure the appellant was promptly discharged by the association. This action followed.
The appellant concedes that the appellee made the statements in question under circumstances that would normally give rise to a qualified privilege, but claims that the statements were made with malice and in bad faith. In addition to claiming that the statements made by the appellee were false and that appellee knew they were false, the appellant relies on conflicts in the record as to the contents of the statements made by appellee to the association, and also on the fact that appellee had previously been informed of the outcome of an earlier investigation into appellee's allegations by the state unemployment compensation office finding no misconduct by the appellant.
We have previously recognized that the defense of qualified privilege may be claimed by an employer under circumstances similar to those invoked herein, but we have been wary of approving of summary dispositions of cases predicated on such a defense, especially where the truth of the statements made is at issue. Frank Coulson, Inc.-Buick v. Trummbull, 328 So.2d 271 (Fla. 4th DCA 1976); Moseley v. City Gas Company of Florida, 310 So.2d 390 (Fla. 4th DCA 1975). We believe an employer may claim a qualified privilege in communicating information about a former employee to a prospective employer but he is obligated to act reasonably and prudently in doing so. He cannot, for instance, deliberately lie about the employee's conduct. On the other hand he is pretty much free to communicate his honest opinions about the employee's job performance, and any information so long as it is relevant to the inquiry being made. Our views on this issue generally coincide with those expressed by Prosser:
Finally, since there is no social advantage in the publication of a deliberate lie, the privilege is lost if the defendant does not believe what he says. Many courts have gone further, and have said that it is lost if the defamer does not have reasonable grounds, or "probable cause" to believe it to be true, while others have insisted that good faith, no matter how unreasonable the basis, is all that is required. Neither position seems tenable in all cases. Certainly no reasons of policy can be found for conferring immunity upon the foolish and reckless defamer who blasts an innocent reputation without making any attempt to verify his statements; but on the other hand there are occasions on which it may be entirely proper to give information of a rumor or a mere suspicion, as such, without any belief or any reason to believe that it represents the truth. Probably the best statement of the rule is that the defendant is required to act as a reasonable man under the circumstances, with due regard to the strength of his belief, the grounds that he has to support it, and the importance of conveying the information. (Footnotes omitted.)
Prosser Law of Torts § 115 (4th Ed. 1971) at 795, 796.
When the truth of the statements is in sharp dispute it may be very difficult to determine whether or not the defendant was justified in making the statements. The very fact that the information conveyed is false, may in some instances give rise to an inference of bad faith and remove the protection otherwise available to the communication. Mays v. Stratton, 183 So.2d 43 (Fla. 1st DCA 1966), cert. denied 188 So.2d 817 (Fla. 1966). Under such circumstances the cases will be rare in which it can be said that the defendant acted reasonably as a matter of law. In this regard we agree with the following statement by Judge Sharp in the case of Glynn v. City of Kissimmee, 383 So.2d 774 (Fla. 5th DCA 1980):
Rarely is summary judgment appropriate in a defendant's favor where the existence of a qualified privilege for a defamatory statement is controverted. "Qualified privilege" is a defense and the burden of proving it rests with the defendant. Prosser Law of Torts, § 115 *1204 (4th Ed. 1971); Abraham v. Baldwin, 52 Fla. 151, 42 So. 591 (1906). Whether the privilege exists or has been exceeded in some manner creates a mixed question of law and fact which should be determined by the trier of fact. Hartley & Parker v. Copeland, 51 So.2d 789 (Fla. 1951); Axelrod v. Califano, 357 So.2d 1048 (Fla. 1st DCA 1968); Frank Coulson, Inc.-Buick v. Trummbull, 328 So.2d 271 (Fla. 4th DCA 1976).
At 776. Also see Lewis v. Evans, 406 So.2d 489 (Fla. 2d DCA 1981) and Axelrod v. Califano, 357 So.2d 1048 (Fla. 1st DCA 1978).
The truth of the statements allegedly made and the adequacy of the grounds asserted in support of such statements are both in dispute here. Given that dispute, and considering the difficulties that are involved in determining whether someone has acted in good or bad faith under the circumstances, we believe the qualified privilege issue should generally be resolved by the trier of fact. The concept of qualified privilege as applied in this case represents a delicate balance between society's concerns for the rights of individuals to be protected from false and defamatory statements which may seriously affect an individual's reputation and ability to secure employment, and the rights of employers to freely comment upon and receive relevant information as to an employee's past work performance. In the case at hand we believe that balance can best be maintained if the trier of fact resolves the issue.
Accordingly, the summary final judgment is reversed and this cause is remanded to the trial court with directions for further proceedings in accord with this opinion.
BERANEK, J., and OWEN, WILLIAM, C., Jr., Associate Judge (Retired), concur.