410 So.2d 947 (1982)
Peggy J. BURKETT, Appellant,
v.
Don L. PARKER and Wife, Jerene L. Parker; and United Services Automobile Association, Appellees.
No. AB-340.
District Court of Appeal of Florida, First District.
February 16, 1982.
Rehearing Denied March 25, 1982.
Cecil G. Costin, Jr., Port St. Joe, for appellant.
James B. Fensom, Barron, Redding, Boggs, Hughes & Fite, Panama City, for appellees.
PER CURIAM.
Peggy J. Burkett appeals a summary final judgment entered by the trial court dismissing her complaint for personal injuries for failure to meet the threshold requirements of Section 627.737(2), Florida Statutes, allowing a tort action for damages suffered in a motor vehicle accident for "permanent injury," other than "scarring or disfigurement." We reverse.
*948 Summary judgment procedure is not a trial by affidavit or deposition, and may not be used as a substitute for trial. Manucy v. Manucy, 362 So.2d 478 (Fla. 1st DCA 1978); Navison v. Winn and Lovett Tampa, Inc., 92 So.2d 531 (Fla. 1957); Jones v. Stoutenburgh, 91 So.2d 299 (Fla. 1957). Where the evidence before the trial court is susceptible of more than one inference, one of which will support the plaintiff's view of the facts, a summary judgment for the defendant should not be entered. Titan Agencies, Inc. v. S. Kornreich & Sons, 355 So.2d 457 (Fla. 3rd DCA 1978). The burden of the movant in a motion for summary judgment is not simply to show that the facts support his own theory of the case but rather to demonstrate that the facts show that the party moved against cannot prevail. Mejiah v. Rodriguez, 342 So.2d 1066 (Fla. 3rd DCA 1977).
Under the foregoing principles, we conclude that a genuine issue existed of whether plaintiff's injury comes within the "permanent injury" requirement of the statute, Section 627.737(2), precluding summary judgment. See Johnson v. Phillips, 345 So.2d 1116 (Fla. 2nd DCA 1977).
Although Section 627.737 has been held unconstitutional in Dillon v. Chapman, 404 So.2d 354 (Fla. 5th DCA 1981), the constitutional issue was not raised in the trial court. Therefore, the statute is still applicable in this case, unless and until the ruling in Dillon v. Chapman, supra, is affirmed by the Florida Supreme Court.
REVERSED.
LARRY G. SMITH and WIGGINTON, JJ., concur.
ROBERT P. SMITH, Jr., C.J., dissents with opinion.
ROBERT P. SMITH, Jr., Chief Judge, dissenting.
The question here is whether there is competent evidence tending to show that Burkett sustained a permanent injury entitling her to pursue a tort action arising out of a motor vehicle accident. She sustained a one-centimeter fracture in her left foot and, as is always the case, the resulting scar tissue is permanent in the sense that it will always be there. No physician, however, testified that by reason of scar tissue or otherwise Burkett would likely suffer permanent disability, discomfort, or other adverse effects. Plaintiff sued two months after her injury and defendant's motion for summary judgment was determined eight months later. The treating physician expressed an opinion that there was no permanent injury though conceded, when pressed, "Is it possible? Yes, I suppose it is possible, yes," permanency "could be possible." His testimony that there was no likely permanent injury distinguishes this case from Graff v. McNeil, 322 So.2d 40 (Fla. 1st DCA 1975). No permissible inference of permanent injury otherwise arises from this record. Compare Sullivan v. Price, 368 So.2d 614 (Fla. 1st DCA 1979). I therefore think the trial court's summary judgment was entirely correct, and that this claim is barred by section 627.737, Florida Statutes (1981). I would affirm.