Mr. Robert R. Crittenden Attorney, Town of Dundee 103 Avenue A., N.W. Post Office Drawer 152 Winter Haven, Florida 33880
Dear Mr. Crittenden:
This is in response to your request for an opinion on substantially the following question:
 MAY A MUNICIPALITY ENACT AN ORDINANCE PROHIBITING JUVENILES FROM BEING ON PUBLIC STREETS AFTER A SPECIFIC TIME IN THE EVENING HOURS?
Your inquiry states that the Town Commission of Dundee is considering enactment of an ordinance prohibiting juveniles from being upon public streets after a specific time in the evening. Your letter sets forth no facts regarding the existence of any compelling public emergency which might justify such an ordinance for limited purposes and for limited times. You request an opinion as to the validity of such a general curfew ordinance for juveniles.
Your question appears to be controlled by W.J.W. v. State of Florida, 356 So.2d 48 (1 D.C.A. Fla., 1978). In W.J.W., supra, the District Court of Appeal, First District, dealt directly with the constitutionality of a curfew ordinance enacted by the City of Pensacola. The Pensacola curfew ordinance provided that children under the age of 16 could not be `in or upon any street, alley, park or other public place or shall attend any public entertainment or amusement,' between 11:00 p.m. and 5:00 a.m. of the next succeeding day, in each and every day of the year, unless accompanied by a parent or guardian. The curfew ordinance provided an exception for such children regularly employed in a gainful occupation upon the production of credentials satisfactorily, in the opinion of the Chief of Police, certifying to the employment of any such child, if such employment was in conformity with the laws of the state relating to the employment of children. The ordinance also made it unlawful for the parent or guardian of any child under the age of sixteen years to allow or negligently suffer such child to violate any provision of the ordinance. A 14-year old juvenile was charged with being a delinquent because he was upon a street, alley, park or other public place between the hours of 11:00 p.m. and 5:00 a.m., not being accompanied by his parent or guardian contrary to the Pensacola ordinance. He moved to dismiss the charge on the ground that the ordinance was unconstitutional. The circuit court denied the motion and the alleged juvenile offender pled nolo contendere, reserving the right to appeal the denial of the motion to dismiss. Upon appeal, the sole issue raised was the constitutionality of the Pensacola ordinance.
The court interpreted the purpose of the ordinance to be the control of the activities of children under the age of 16 during late night hours, but the court found that to accomplish this purpose the ordinance prohibited such children from participating in school, recreational and church activities, among others, because in going to or coming from such activities, the child would be upon a street, alley, park or other public place. The ordinance would make many activities unlawful which otherwise would be lawful. The court stated that the general right of every person to engage in lawful activity, while subject to reasonable restriction, cannot be completely taken away under the guise of police regulation; an ordinance to the contrary is an arbitrary invasion of the inherent personal liberties of all citizens. Thus, said the court, it could not be said that the prohibition against the mere presence of a child under the age of sixteen on a street or park or other public place between 11:00 p.m. and 5:00 a.m., for a purpose other than required by his occupation or unless accompanied by his parent or guardian, had any real relationship to the primary purpose of the ordinance. Therefore such a prohibition constituted an invasion of personal rights and liberties and for that reason was unconstitutional. The district court went on to hold that restraining children under the age of sxteen years from freely walking upon the streets or other public places when no emergency situation exists is incompatible with the freedoms of speech, association, peaceful assembly and religion secured to all citizens of Florida by Article I of the Florida Constitution. Since the Pensacola ordinance failed to mention an emergency situation and the record in that case failed to show such a situation, the court held the ordinance unconstitutional.
The cited decision of the First District Court of Appeal represents the law of Florida unless and until it is overruled by the Supreme Court of Florida, Stanfill v. State, 384 So.2d 141
(Fla. 1980), and the trial courts of the other appellate districts are bound thereby until determined otherwise by their own district court of appeal or the Supreme Court. State v. Hayes, 333 So.2d 51
(4 D.C.A. Fla., 1976); Dillon v. Chapman, 404 So.2d 354, 359 (5 D.C.A. Fla., 1981), on motion to stay, den. Aug. 19, 1981. Seealso Holmes v. Blazer Financial Services, Inc., 369 So.2d 987, 988
(4 D.C.A. Fla., 1979).
Based upon W.J.W. v. State of Florida, supra, the aforecited decision of the First District Court of Appeal, I therefore conclude that the Town of Dundee may not validly enact a general curfew ordinance prohibiting juveniles from being on the public streets of the town after a specific time in the evening hours.
Sincerely,
Jim Smith, Attorney General
Prepared by: Gerry Hammond, Assistance Attorney General