JORGENSON, Judge,
dissenting.
Because this is not a case where the nature of the oral contract can be determined with certainty, see Titan Agencies, Inc. v. Kornreich & Sons, 355 So.2d 457 (Fla. 3d DCA 1978), I respectfully dissent.
The plaintiff, American Atlantic Lines, an ocean cargo carrier, appeals a final summary judgment in favor of the defendant, Ros Forwarding, Inc., a freight forwarder, in a suit to enforce an oral contract for the cost of shipping a third party’s goods.
American alleged that its representative advised Ros that, because the shipper of the goods had no credit arrangement with American, American could not ship certain goods that had already been forwarded to American through Ros and loaded onto American’s vessel. Vandeventer, Ros’s employee, responded that Ros would not be responsible for the shipment and agreed that American should unload the goods. A short time later Vandeventer telephoned American’s representative and told him Ros would guaranty American the shipping charges. Based on this telephone conversation American re-loaded the goods and delivered them to their destination. American’s representative claims Vandeventer was told, and agreed, that American would be looking exclusively to Ros for payment. Vandeventer claims he only agreed to guaranty payment in the event the third party failed to pay American. Ros refused to pay American and asserted that the oral contract for payment was barred by Florida’s Statute of Frauds, § 725.01, Fla.Stat. (1981). The trial court agreed, granting final summary judgment in favor of Ros.
The central issue before the trial court was whether Vandeventer⅛ promise to pay the shipping costs to American was a guaranty and as such was collateral to the existing shipping contract between American and the shipper or whether the promise was “an original undertaking of the promisor himself supported by independent consideration flowing to him,” Jim & Slim’s Tool Supply, Inc. v. Metro Communities Corp., 328 So.2d 213, 215 (Fla. 2d DCA 1976); see Bensam Corp. v. Felton, 63 So.2d 278 (Fla.1953); Moore v. Chapman, 351 So.2d 760 (Fla. 1st DCA 1977); Troup Brothers, Inc. v. State of Florida, 135 So.2d 755 (Fla.2d DCA 1961).
The question of whether an oral promise is direct or collateral is one of fact. Hilkmeyer v. Latin American Air Cargo Expediters, 94 So.2d 821 (Fla.1957); Sanders v. Hodges, 109 Fla. 391, 147 So. 571 (1933); Maresh Sheet Metal Works v. N.R.G. Ltd., 304 N.W.2d 436 (Iowa 1981). Because of the conflicting evidence on this issue, giving rise to different reasonable inferences, it was error to grant summary judgment in Ros’s favor. See Hilkmeyer; Titan; see also Hudson v. Ashley, 411 A.2d 963 (D.C. 1980) (trial court erred in directing verdict on whether oral promise was a promise to pay the debts of another).
Even if the trial court had been correct in determining that the oral promise was a guaranty, because of the “leading object” rule it still would have been error to grant summary judgment in favor of Ros. See 2 A. Corbin, Corbin On Contracts §§ 366 — 95 (1950). The reason for the inclusion of guaranty contracts within the Statute of Frauds is to protect the guarantor who receives no direct benefit from his promise. Such a promisor should be bound only by the exact written terms of his promise. See *1155 Davis v. Patrick, 141 U.S. 479, 12 S.Ct. 58, 35 L.Ed. 826 (1891); 3 S. Williston, A Treatise on the Law of Contracts § 452 (1960). Where the promisor makes his promise not for the benefit and accommodation of another but makes it for his own benefit or concern, the “leading object” rule removes a promise of guaranty from within the statute of frauds. See 2 A. Corbin, supra. In Emerson v. Slater, 22 How. 28,16 L.Ed. 360, 365 (1859), the Supreme Court held:
[Wjhenever the main purpose and object of the promisor is not to answer for another, but to subserve some pecuniary or business purpose of his own, involving either a benefit to himself, or damage to the other contracting party, his promise is not within the statute, although it may be in form a promise to pay the debt of another, and although the performance of it may incidentally have the effect of extinguishing that liability.
The determination of the intent of the guarantor is one of fact, see Hudson, which would preclude the granting of summary judgment in favor of Ros even if its promise were a guaranty.