467 So.2d 816 (1985)
James Edward KELLUMS, Appellant,
v.
FREIGHT SALES CENTERS, INC., et al., Appellees.
No. 84-862.
District Court of Appeal of Florida, Fifth District.
April 25, 1985.
Hubert C. Childress, Jr., of Bross, Trachtman, Henderson & Childress, P.A., Merritt Island, for appellant.
Janet R. DeLaura and N. John Hedrick, Jr., of Smalbein, Eubank, Johnson, Rosier & Bussey, P.A., for appellees Freight Sales Center, Inc., and Roger Robert.
FRANK D. UPCHURCH, Jr., Judge.
Appellant Edward Kellums was employed by appellees Roger Robert and his *817 company, Freight Sales Center, Inc. Kellums' employment was terminated by Roberts in 1982. Kellums thereafter sought employment with National Furniture and filled out an employment application which contained the following release:
I authorize investigation of all statements contained herein and the references listed above to give you any and all information concerning my previous employment and any pertinent information they may have, personal or otherwise, and release all parties from all liability for any damage that may result from furnishing same to you.
Robert was contacted by National and made several statements regarding Kellums, which, if not true, would have been clearly slanderous. Contending that these statements were false, Kellums sued appellees for slander. The trial court entered summary final judgment for appellees apparently on the basis that Kellums' claim was barred because of the above release.
Florida recognizes that an employer may claim a qualified privilege in communicating information about a former employee to a prospective employer, but he is obligated to act reasonably and prudently in doing so. Riggs v. Cain, 406 So.2d 1202 (Fla. 4th DCA 1981). The employer is free to communicate his honest opinions about the employee's job performance and any information which is relevant to the inquiry being made. Id. However, the employer cannot deliberately lie about the employee's conduct. Id. In discussing the qualified privilege, the court in Riggs quoted with approval the following passage from Prosser on Torts:
Finally, since there is no social advantage in the publication of a deliberate lie, the privilege is lost if the defendant does not believe what he says. Many courts have gone further, and have said that it is lost if the defamer does not have reasonable grounds, or `probable cause' to believe it to be true, while others have insisted that good faith, no matter how unreasonable the basis, is all that is required. Neither position seems tenable in all cases. Certainly no reasons of policy can be found for conferring immunity upon the foolish and reckless defamer who blasts an innocent reputation without making any attempt to verify his statements; but on the other hand there are occasions on which it may be entirely proper to give information of a rumor or a mere suspicion, as such, without any belief or any reason to believe that it represents the truth. Probably the best statement of the rule is that the defendant is required to act as a reasonable man under the circumstances, with due regard to the strength of his belief, the grounds that he has to support it, and the importance of conveying the information. (Footnotes omitted.)
Prosser Law of Torts § 115 (4th Ed. 1971) at 795, 796.
406 So.2d at 1203.
The court went on to state that when the truth of the statements is in sharp dispute, it may be difficult to determine whether the employer was justified in making such statements. In such situations, it is for the trier of fact to determine whether the employer acted reasonably.
In this case the truth of the statements made is in clear dispute and hence summary judgment was improper unless the release acts to absolve appellees of liability.
A party may by an exculpatory clause, absolve itself of liability for negligence, but an attempt to absolve itself from liability for an intentional tort is against public policy. Goyings v. Jack & Ruth Eckerd Foundation, 403 So.2d 1144 (Fla. 2d DCA 1981); Zuckerman-Vernon Corp. v. Rosen, 361 So.2d 804 (Fla. 4th DCA 1978); Fuentes v. Owen, 310 So.2d 458 (Fla. 3d DCA 1975). It has been said that defamation and more particularly slander is a quasi-intentional tort, see Columbia Sussex Corp., Inc. v. Hay, 627 S.W.2d 270 (Ky. Ct. App. 1982); Prosser, Law of Torts § 113, p. 766 (4th Ed. 1971),[1] and indeed *818 here Kellums has alleged Robert made the purported defamatory statements "knowingly and maliciously." To apply the release to this slander action, therefore, would be against public policy. A reasonable construction of the release is that it acts to absolve appellees of any liability for invasion of privacy or tortious interference with a business relationship for dissemination of pertinent information having a reasonable basis in fact about Kellums to prospective employers. Appellees' argument that failure to enforce the release here interferes with society's interest in facilitating the flow of information to prospective employers is refuted by Prosser's observation that there is no social advantage in the publication of a deliberate lie.
REVERSED and REMANDED.
COBB, C.J., and DAUKSCH, J., concur.
NOTES
[1] It is quasi-intentional in that with the exception of the element of publication, its basis is in strict liability. Publication may have been done either negligently or intentionally. Columbia Sussex, 627 S.W.2d at 273, citing Prosser. Harper in his treatise declares that defamation is an intended wrong. Harper on Torts § 238 (1933).