523 So.2d 769 (1988)
Dennis W. NOWIK, Appellant,
v.
MAZDA MOTORS OF AMERICA (EAST) INC., Appellee.
No. 87-613.
District Court of Appeal of Florida, First District.
April 15, 1988.
John F. MacLennan and Ronald P. Higbee of Kattman, Eshelman & MacLennan, P.A., Jacksonville, for appellant.
William M. Howell of Howell, Liles, Braddock & Milton, Jacksonville, for appellee.
SHIVERS, Judge.
Appellant Nowik appeals summary judgment in favor of appellee Mazda Motors. We reverse.
Dennis Nowik sued Mazda Motors for defamation and intentional interference with an advantageous business relationship due to circumstances arising from his termination with Mazda Motors and subsequent efforts to obtain employment. For two and a half years, Nowik was one of approximately ten district parts managers for Mazda Motors in Jacksonville. He was hired and supervised by Jack Bramble, and his job involved traveling to various Mazda dealerships and evaluating their parts operations. *770 The job required a great deal of personal communication, travel, and interaction with the dealers and their personnel.
Bramble perceived problems with the way Nowik handled his job and ultimately terminated him. Nowik subsequently learned of somewhat similar employment with Heavy Equipment Repair (HER), a Georgia company. Nowik applied for the job and the interview went well. Interviewer Gene Moss testified by deposition that if he had not received Mazda Motors' negative reference, he would have hired Nowik. The negative reference was the sole reason for not hiring him, as Moss was otherwise favorably impressed with Nowik's references and performance during the interview. Moss sent Nowik a letter confirming that Mazda Motors' reference was the reason HER could not employ him. Mazda's reference stated that although Nowik's knowledge of his job was good, his attitude, dependability, and quantity of work were fair, and his work quality and adaptability to the job were poor. Nowik's other references were fine.
Nowik sued, alleging that he was defamed because the statements were both untrue and made with a malicious intent. Mazda responded that the statements were true, protected by a qualified privilege, and could not be defamatory because they were matters of pure opinion.
The essential elements in finding a qualified privilege are (1) good faith, (2) an interest to be upheld, (3) a statement limited in its scope to this purpose, (4) a proper occasion, and (5) publication in a proper manner. Lundquist v. Alewine, 397 So.2d 1148, 1149 (Fla. 5th DCA 1981), citing Leonard v. Wilson, 150 Fla. 503, 8 So.2d 12 (1942). As well as alleging that the statements were false, Nowik alleged that the statements were made in bad faith. In this connection, he testified that supervisor Bramble disliked him personally and made several derogatory statements about him to others during the course of his employment. These statements, among which were assertions that the only reason Nowik had any success at his job was because he carried a gun, were sufficient to allow a jury to infer that Bramble's motive may have been dislike of appellant rather than legitimate dissatisfaction with his job performance. Since the record contains evidence indicating that Nowik's district sales figures were as high as those of any other district and another supervisor testified that his attitude toward his job was "great," not "fair" as reported by Bramble, we cannot conclude that Bramble's assessment of Nowik was uncontroverted truth or that a jury could not infer malice. As we stated in Burkett v. Parker, 410 So.2d 947, 948 (Fla. 1st DCA 1982):
Where the evidence before the trial court is susceptible of more than one inference, one of which will support the plaintiff's view of the facts, a summary judgment for the defendant should not be entered. Titan Agencies, Inc. v. S. Kornreich & Sons, 355 So.2d 457 (Fla. 3rd DCA 1978). The burden of the movant in a motion for summary judgment is not simply to show that the facts support his own theory of the case but rather to demonstrate that the facts show that the party moved against cannot prevail. Mejiah v. Rodriguez, 342 So.2d 1066 (Fla. 3rd DCA 1977).
This is particularly so where, as here, the truth of the statements is disputed. Riggs v. Cain, 406 So.2d 1202 (Fla. 4th DCA 1981); Kellum v. Freight Sales Centers, Inc., 467 So.2d 816 (Fla. 5th DCA 1985).
Similarly, although Mazda correctly contends that statements of pure opinion cannot constitute actionable defamation, Eastern Airlines, Inc. v. Gellert, 438 So.2d 923 (Fla. 3d DCA 1983), the statements at issue in this case imply the allegation of undisclosed defamatory facts as the basis of the opinion. The difference is that:
Pure opinion occurs when the defendant makes a comment or opinion based on facts which are set forth... or which are otherwise known or available to the reader or listener as a member of the public. Mixed expression of opinion occurs when an opinion or comment is made which is based upon facts regarding the plaintiff or his conduct that have *771 not been stated ... or assumed to exist by the parties to the communication.
Gellert at 927, quoting From v. Tallahassee Democrat, Inc., 400 So.2d 52 (Fla. 1st DCA 1981). The statements in this case were mixed expressions of opinion. They imply the assertion of undisclosed facts leading to the conclusions which were written down on the termination form and relayed to HER.
In Axelrod v. Califano, 357 So.2d 1048, 1051 (Fla. 1st DCA 1978), Judge Melvin wrote:
Quite simply, summary judgments should be granted only in those cases where there remains no genuine issue of any material fact that would properly fall to a jury.
These rules are applicable to summary judgment proceedings in defamation actions as well. Thus, when the facts and circumstances under which a communication was made are conceded, whether or not they are sufficient to establish that the communication was privileged is a question of law for the court. [citations omitted]
However, when the evidence is conflicting as to the existence or nonexistence of privilege there is a mixed question of law and fact, and the fact issue is to be determined by the jury. Hartley & Parker v. Copeland, 51 So.2d 789 (Fla. 1951). If the privilege is conditional or qualified, and there is sufficient evidence to indicate that the privilege may have been exceeded or abused, the issue of fact must be submitted to the jury.
The trial court also erred in granting summary judgment for Mazda on the intentional interference with an advantageous business relationship count. The elements of this tort are (1) the existence of a business relationship not necessarily evidenced by an enforceable contract, (2) knowledge of the relationship on the part of the defendant, (3) an intentional and unjustified interference with that relationship by the defendant, and (4) damage to the plaintiff as a result of the breach of the relationship. Tamiami Trail Tours, Inc. v. Cotton, 432 So.2d 148, 151 (Fla. 1st DCA 1983). The first element of tortious interference with the business relations of others requires the existence of a business relationship under which a plaintiff has legal rights. Water and Sewer Utility Construction, Inc. v. Mandarin Utilities, Inc., 440 So.2d 428 (Fla. 1st DCA 1983). In the case sub judice, the facts demonstrate that Nowik had established a business relationship with HER. Nowik had successfully interviewed with the firm, and HER representative Moss had already decided to hire him, pending a reference check. Nowik did not need to have a fixed business relationship, in the context of already having been hired, to have a cause of action if someone maliciously interfered with his legitimate efforts to secure employment. See Duval Laundry Company, Inc. v. Reif, 130 Fla. 276, 177 So. 726 (1937).
Accordingly, we reverse and remand for reinstatement of this suit.
WIGGINTON and ZEHMER, JJ., concur.