WARNER, Judge,
dissents.
I respectfully dissent.
I do not read American Medical Intern., Inc. v. Scheller, 462 So.2d 1 (Fla. 4th DCA 1984), rev. denied, 471 So.2d 44 (Fla.1985) (Scheller I) as holding that the provision in the medical staff bylaws requiring the Pathology Director to be a member of the active staff is void for lack of mutuality. Instead the opinion determined that the employment contract in Scheller I would have been void for lack of mutuality if the Medical Staff bylaws were read into the employment contract in the way advocated by Scheller.[1]
Here, on the other hand, we must consider whether the Medical Staff bylaws by themselves create a contract or an advantageous business relationship with which AMI might be charged with interfering. I do not think that a “void for lack of mutuality” argument can be raised as to the staff bylaws themselves. According to their terms, the hospital agrees to appoint only active staff members as directors of labs. That means in order to become a Lab Director an individual must be on the staff for two years. This gives the rest of the staff an opportunity to judge the competence of an individual chosen to head an important part of the hospital. There is nothing “lifetime” in a contract which requires a minimum prior service before being considered for a promotion, to which I liken the effect of the staff bylaws. There is no lack of mutuality by such a provision. The doctor is given the security of knowing the organization will promote from within, and in return the organization is receiving the benefit of the doctor’s service and referral of patients to the hospital.
The gist of the “lifetime” contract theory in Scheller I was that Scheller alleged that his employment contract as Lab Director couldn’t be terminated because he couldn’t be replaced with anyone who met the active staff requirements of the medical bylaws. While I’m not sure I buy the underlying lifetime contract theory, it is not relevant. Scheller here is suing for AMI’s interference in his right solely under the bylaws to be appointed Lab Director.
From my reading of the complaint Schel-ler has stated a cause of action. He alleged the existence of the medical staff bylaws; the fact that he was the only doctor on active staff who was qualified under the bylaws to serve as lab director; and that the hospital failed to hire him as a result of AMI’s interference. The medical staff bylaws create at a minimum an advantageous business relationship to become Lab Director with which AMI interfered. See Nowik v. Mazda Motors of America, Inc., 523 So.2d 769 (Fla. 1st DCA 1988).
For the foregoing reasons I also disagree with the dismissal of Count II alleging the hospital’s breach of its own bylaws and Count III as to fraud. Those dismissals are both predicated, in my opinion, on an erroneous interpretation of Scheller I.

. In addition, while the majority only assumes, for the sake of argument, that the complaint can be fairly interpreted as raising AMI's interference with the relationship created by the medical staff bylaws, I think the complaint clearly alleges those relationships as part of its cause of action in paragraphs 78 d through k and specified in the claim that by failing to be appointed medical director that he "lost the economic benefits of the position of Director of Pathology.”