51 So.2d 789 (1951)
HARTLEY & PARKER, Inc.
v.
COPELAND et al.
Supreme Court of Florida, Division B.
April 6, 1951.
Rehearing Denied May 4, 1951.
*790 Taylor, Burr & Creel, Miami, for appellant.
J.A. Fitzsimmons and Robert J. Davis, Fort Lauderdale, for appellee.
ADAMS, Justice.
This appeal is from a judgment in the amount of $1500 in an action of libel.
The plaintiff is a retail liquor dealer and the defendant a wholesale dealer.
It is alleged and was proved to the satisfaction of the jury and trial court that defendant's agent and salesman falsely reported a sale of liquor to plaintiff causing defendant to charge plaintiff with the price of the liquor whereas in fact plaintiff had never ordered or received same. The gist of the action lies because of a report made and filed with the state beverage director pursuant to Section 561.42, Fla. Stat. 1941, F.S.A., because defendant knew or should have known before filing the report that plaintiff was not in fact indebted.
Defendant claims both absolute and qualified privilege to preclude recovery. Reliance is upon the statute, Sec. 561.42, Fla. Stat. 1941, F.S.A. (Subsection 3) "(3) In cases where payment for sales to a vendor are not made by the tenth day succeeding the calendar week in which such sale was made, the distributor who made such sale shall, within three days, notify the beverage department in writing of such fact and the beverage department, upon receipt of such notice, shall, after compliance with the proceedings hereinafter mentioned, declare in writing to such vendor and to all manufacturers and distributors within the State of Florida that all further sales to such vendor are prohibited until such time as the beverage department shall certify in writing that such vendor has fully paid for all liquors previously purchased."
In regard to privilege we have held in Abraham v. Baldwin, 52 Fla. 151, 42 So. 591, 592, 10 L.R.A.,N.S., 1051, 10 Ann.Cas. 1148: "The subject in relation to which a communication was made may be privileged, yet a communication made upon that subject may not be privileged. If the restraints and qualifications imposed by law upon the publicity to be given such communications be disregarded, the communication is not privileged. If reasonable bounds be exceeded in making the communication, or if the communication be made knowing it to be false, malice might be inferred, which would destroy the privilege.
"* * * In determining whether or not a communication is privilege, the nature of the subject, the right, duty, or interest of the parties in such subject, the time, place, and circumstances of the occasion, and the manner, character, and extent of the communication, should all be considered When all these facts and circumstances are conceded, a court may decide whether a communication is a privileged one, so as to require the plaintiff to prove express malice. But, when all the essential facts and circumstances are not conceded, the existence or nonexistence of the privilege should be determined by the jury from all the facts and circumstances of the case, under proper instructions of the court applicable to the case. Jones v. Townsend['s Adm'x] 21 Fla. 431, 58 Am.Rep. 676; Montgomery v. Knox, 23 Fla. 595, 3 So. 211; Jones v. Greeley, 25 Fla. 629, 6 So. 448; Eldridge v. State, 27 Fla. 162, 9 So. 448; Coogler v. Rhodes, 38 Fla. 240, 21 So. 109, 56 Am.St.Rep. 170. * * *"
All the testimony here was presented to the jury who had the prerogative of finding that defendant acted without reasonable and proper diligence to ascertain whether plaintiff was in fact delinquent. Defendant was well apprised of the drastic nature of the statute and the certain consequences *791 to follow by reason of the report going in due course to all wholesalers in the state.
The statute required defendant's report of the delinquency to be in writing and under oath. What advance investigation defendant made certainly put them upon notice that the account was contested and perhaps nonexistent. Under those conditions when they resorted to the drastic provisions of the statute to enforce payment they did so at their peril.
The contention is made that no malice was shown and no recovery can be had.
A false publication to the prejudice of a person in his business or profession is libelous per se. M. Rosenberg & Sons v. Craft, 182 Va. 512, 29 S.E.2d 375, 151 A.L.R. 1095.
Being libelous per se it was unnecessary to plead or prove malice or special damage. Layne v. Tribune Company, 108 Fla. 177, 146 So. 234, 86 A.L.R. 466.
There are numerous other assignments of error all of which have been examined and found without merit. The judgment is affirmed.
SEBRING, C.J., and CHAPMAN and ROBERTS, JJ., concur.