PER CURIAM.
Plaintiff-appellant seeks review of an adverse final summary judgment in an action for libel.
Plaintiff filed an action for libel against the defendant, his former employer. In his amended complaint plaintiff alleged he, a union member, was employed by the defendant in its steel casting inspection department and that on or about September 11, 1972, he was given a written notice of discharge which read as follows:
“For disloyalty to the company, and working against the best interests of all employees, you are hereby discharged.”
At the time of the discharge, the only others present besides the plaintiff was the union’s chief steward who also received a copy of the notice of discharge and two employees in the defendant’s personnel department. The notice was not posted and the remaining two copies thereof were filed away promptly in locked cabinets.
Defendant-appellee moved for summary judgment and after extensive discovery and a hearing thereon, the trial court granted summary judgment in favor of the defendant-appellee.
On appeal, appellant basically contends that the trial court erred in entering summary final judgment for the defendant where there was allegedly evidence before the court that plaintiff had resigned before the discharge notice was issued, thus raising the question of unprivileged communication sufficient to be submitted to a jury. We cannot agree.
A search of the record reveals that plaintiff-appellant never tendered formal written notice of resignation. At the most, the record supports that plaintiff had entertained the idea of resigning a day or two before his official discharge, but informed the union steward that anyone who believed he had resigned was mistaken. Hence, appellant was officially in the employ of defendant at the time of discharge. *20 We also noted that plaintiff-appellant failed to follow the established grievance procedure to challenge his dismissal and instead choose to bring this action for libel.
Thus, we find the notice of discharge hereinabove to be a qualifiedly privileged publication and, therefore, affirm the judgment, herein appealed.
Affirmed.