346 So.2d 125 (1977)
William S. SMITH, Appellant,
v.
ANHEUSER-BUSCH BREWING CO., INC., Appellee.
James M. FOWLER, Appellant,
v.
ANHEUSER-BUSCH BREWING CO., INC., Appellee.
Nos. BB-251, BB-276.
District Court of Appeal of Florida, First District.
May 25, 1977.
*126 Deitra R. Micks, of Jackson & Micks, Jacksonville, for appellant Smith; and Gary E. Eckstine, Jacksonville, for appellant Fowler.
Marion R. Shepard of Mathews, Osborne, Ehrlich, McNatt, Gobelman & Cobb, Jacksonville, for appellee.
SMITH, Judge.
Appellants in these consolidated cases appeal from a Duval County circuit court judgment entered on a directed verdict dismissing their claims against Anheuser-Busch for slander. Appellants' claims arose from statements by the brewery's industrial relations manager and brewmaster when terminating appellants' employ and explaining their termination to others.
Appellants alleged those managers falsely published defamatory statements to the effect that appellants conspired to steal or stole a quantity of beer from the brewery. The evidence did not support the allegation. The words addressed by one of the managers simultaneously and privately to appellants was not a publication, defamatory or otherwise, concerning either. That communication was a demand for explanation concerning appellants' alleged joint actions. See Campbell v. Jacksonville Kennel Club, Inc., 66 So.2d 495 (Fla. 1953); Silveira v. Aircraft Casting, Inc., 291 So.2d 19 (Fla. 3d DCA 1974). We need not determine whether words spoken to appellants by a manager in the presence of an assistant brewmaster constituted a publication to the assistant or whether that communication was privileged. See Drennen v. Westinghouse Elec. Corp., 328 So.2d 52 (Fla. 1st DCA 1976). The words were not defamatory: "Mr. Stoud said to me [appellant Smith] that the guard has implicated me as far as stealing beer, and he has to terminate me for these charges of stealing beer unless I can prove that I didn't steal the beer."
The explanation spoken by a manager to nonemployees who inquired and sought to intervene at the instance of appellant *127 Smith was not a publication, or was privileged. Maine v. Allstate Ins. Co., 240 So.2d 857 (Fla. 4th DCA 1970). The manager's profession of belief that appellants did not steal beer, expressed when responding to a nonemployee's inquiry, was a personal amelioration of the brewery's discharge of appellants for "involvement" in beer theft, not a personal or corporate confession of bad faith destroying the speaker's privilege to respond to the inquiry induced by appellant Smith. We have studied the briefs and canvassed the record. We have found no error.
AFFIRMED.
MILLS, Acting C.J., and ERVIN, J., concur.