357 So.2d 1048 (1978)
Robert AXELROD, Appellant,
v.
Paul CALIFANO, Appellee.
No. EE-88.
District Court of Appeal of Florida, First District.
April 14, 1978.
Rehearing Denied May 17, 1978.
*1049 Lawrence C. Rolfe of Rolfe & Stirling, Jacksonville, for appellant.
*1050 John Paul Howard, Jacksonville, for appellee.
MELVIN, Judge.
Appellant Axelrod takes this appeal for review of a final summary judgment in favor of appellee Califano. We reverse.
Axelrod filed his complaint in defamation alleging that Califano had slandered him by making statements to third persons that Axelrod had, among other things, stolen large sums of money from the Y.M.C.A. and forged certain checks. Califano answered, raising as affirmative defenses the truth of the statements made, his lack of ill motive or malice in making said statements and a qualified privilege founded on the operation of Califano's business. At the same time, Califano filed a motion for summary judgment alleging that all of his statements about Axelrod were: 1) Made at Califano's place of business; 2) to an employee entitled to receive such information; 3) within the scope of the operation of the business; and 4) without ill motive or malice toward Axelrod. Califano also alleged that he had reasonable grounds to believe that what he said was true and, further, that he had given express instructions to the employee that the reasons for Axelrod's discharge were not to be made public.
In response, Axelrod filed an affidavit in opposition to summary judgment alleging that the statements Califano made about him were not true and were made with malice and ill motive solely for the purpose of harming him.
On October 29, 1976, the trial court entered summary judgment in favor of Califano.
Slander may be defined as the speaking of base and defamatory words which tend to prejudice another in his reputation, office, trade, business, or means of livelihood. 20 Fla.Jur. Libel and Slander, § 3. When the words published concerning a person tend to degrade him, bring him into ill repute, destroy confidence in his integrity, or cause other like injury, such language is actionable per se. Montgomery v. Knox, 23 Fla. 595, 3 So. 211 (1887); Stewart v. Codrington, 55 Fla. 327, 45 So. 809 (1908); Harriss v. Metropolis Co., 118 Fla. 825, 160 So. 205 (1935). Further, a publication which falsely and maliciously charges another with the commission of a crime is actionable per se. Layne v. Tribune Co., 108 Fla. 177, 146 So. 234 (1933).
In the instant case, the alleged publication branding Axelrod a thief and forger was actionable per se, and, as such, raised a presumption of malice as a matter of law. Layne v. Tribune Co., supra; Commander v. Pedersen, 116 Fla. 148, 156 So. 337 (Fla. 1934); and Tip Top Grocery Co. v. Wellner, 135 Fla. 518, 186 So. 219 (1938).
Malice may be presumed here by the actionable per se nature of the alleged publication and is an essential element of slander. Another essential element is the falsity of the publication. Caldwell v. Crowell-Collier Pub. Co., 161 F.2d 333 (5th Cir.1947), cert. den., 332 U.S. 766, 68 S.Ct. 74, 92 L.Ed. 351. Conversely, the truth of the publication is a good defense, assuming that it was made with good motives. Article I, Section 4, Florida Constitution. Here, Califano, in his motion for summary judgment, alleged the truth of his statements, while Axelrod, in his affidavit in opposition thereto swore they were false, thus raising an issue of fact. While malice is presumed when the publication is actionable per se, a showing that the defendant actually intended to injure the plaintiff is the equivalent of malice in fact. Jones v. Greeley, 25 Fla. 629, 6 So. 448 (1889); 20 Fla.Jur. Libel and Slander, § 53.
The issue of malice is critical because in cases in which a qualified privilege exists, the essential element of malice may not be imputed. Rather, in order to recover, the plaintiff must prove express malice or malice in fact. Coogler v. Rhodes, 38 Fla. 240, 21 So. 109 (1897); Abraham v. Baldwin, 52 Fla. 151, 42 So. 591 (1906); and Myers v. Hodges, 53 Fla. 197, 44 So. 357 (1907). Thus, actual malice, or malice in fact, constitutes an abuse of a qualified privilege, leaving the defendant liable.
*1051 In the instant case, Califano has alleged, among others, the defense of a qualified business privilege.
20 Fla.Jur. Libel and Slander, § 61 states that:
"... A communication made in good faith on any subject matter by one having an interest therein, or in reference to which he has a duty, is privileged if made to a person having a corresponding interest or duty, even though it contains matter which would otherwise be actionable, and though the duty is not a legal one but only a moral or social obligation."
Thus expressed, the elements essential to the finding of a conditionally privileged publication are: 1) Good faith; 2) an interest to be upheld; 3) a statement limited in its scope to this purpose; 4) a proper occasion; and 5) publication in a proper manner. Abraham v. Baldwin, supra; and Leonard v. Wilson, 150 Fla. 503, 8 So.2d 12 (1942). To be qualifiedly privileged the communication must be made by a person having a duty or interest in the subject matter, to another having a corresponding duty or interest.
With respect to the qualified privilege founded on business matters, the otherwise slanderous publication must be in regard to the business, made by one having an interest in the business and solely to others having an interest in the business. Montgomery v. Knox, supra; Coogler v. Rhodes, supra; Arison Shipping Company v. Smith, 311 So.2d 739 (Fla. 3d DCA 1975); and Frank Coulson, Inc.  Buick v. Trumbull, 328 So.2d 271 (Fla. 4th DCA 1976).
Summary judgment serves to expedite the settlement of litigation where it affirmatively appears on the record that there is only a question of law as to whether the party should have judgment in accordance with the motion. Meadows v. Edwards, 82 So.2d 733 (Fla. 1955); 30 Fla.Jur. Summary Judgment, § 2. However, summary judgment should be sparingly granted so as to not infringe on the constitutional right to a jury trial. Judge Donald Carroll reviewed some of the rules controlling entry of summary judgment, for this court, in Torrence v. Sacred Heart Hospital, 251 So.2d 899 (Fla. 1st D.C.A. 1971), saying:
"1. `Such judgments should be sparingly granted * * *. To sum it all up, if there are issues of fact and the slightest doubt remains, a summary judgment cannot be granted.' Williams v. City of Lake City, 62 So.2d 732 (Fla. 1953). In the later case of Manning v. Clark, 71 So.2d 508 (Fla. 1954), the Florida Supreme Court thus explained the meaning of the words `slightest doubt' in its Williams opinion: `* * * when a judge encounters doubt as to the existence or nonexistence of a genuine issue of fact the doubt should be resolved against the movant.'
"2. `* * * Insofar as factual matters are concerned, doubts and inferences must be resolved against the mover. * *' Majeske v. Palm Beach Kennel Club, 117 So.2d 531 (Fla.App. 1960).
"3. This court held in McKean v. Kloeppel Hotels, Inc., 171 So.2d 552 (Fla.App. 1965): `It is well settled in this jurisdiction that the moving party for a summary judgment is held to a strict standard. The pleadings and proofs supporting such motions are strictly construed against the movant, while those opposing the motion are leniently treated in determining whether the movant has satisfied the burden required of him * * *.'
"4. `The facts in evidence, and all reasonable inferences arising therefrom, must be indulged in favor of the party against whom a motion for summary judgment is asked. The converse is never true.' Harding v. American Universal Insurance Co., 130 So.2d 86 (Fla.App. 1961)."
Quite simply, summary judgments should be granted only in those cases where there remains no genuine issue of any material fact that would properly fall to a jury.
These rules are applicable to summary judgment proceedings in defamation actions as well. Thus, when the facts and circumstances under which a communication was made are conceded, whether or not they are sufficient to establish that the *1052 communication was privileged is a question of law for the court. Myers v. Hodges, supra; Abraham v. Baldwin, supra; and 20 Fla.Jur. Libel and Slander, § 135.
However, when the evidence is conflicting as to the existence or nonexistence of privilege there is a mixed question of law and fact, and the fact issue is to be determined by the jury. Hartley & Parker v. Copeland, 51 So.2d 789 (Fla. 1951). If the privilege is conditional or qualified, and there is sufficient evidence to indicate that the privilege may have been exceeded or abused, the issue of fact must be submitted to the jury.
The limited record in this case reveals that Axelrod was employed as the director of Califano's skin diving college. Upon receipt of the accusation of another employee that Axelrod was stealing certain sums of money from the college, as well as abusing his association with the Y.M.C.A., Califano summarily fired him. Subsequent to the firing, Califano advised one DiPerna of the dishonest acts surrounding Axelrod's firing and showed him certain documentary evidence of same. At the time of publication of these actionable per se remarks DiPerna was a full time high school teacher, who had worked on a part-time basis for Califano. In fact, at the time the remarks were made to him, it may be reasonably inferred that DiPerna was at the college on personal business and had not been employed by Califano for one to two months. This relationship between Califano and DiPerna was the basis for Califano's claim of qualified privilege, which claim was controverted by Axelrod's affidavit arguing that the privilege, even if it was found to exist, was abused.
We hold that the allegations of the complaint, the supporting depositions and the affidavits in opposition to entry of summary judgment, left unresolved conflicting factual allegations sufficient to preclude the entry of a summary judgment.
REVERSED.
ERVIN, J., concurs.
SMITH, Acting C.J., dissents.