383 So.2d 774 (1980)
Thomas GLYNN, Appellant,
v.
CITY OF KISSIMMEE, Appellee.
No. 79-54/T4-359.
District Court of Appeal of Florida, Fifth District.
May 21, 1980.
*775 J. Russell Hornsby, Orlando, for appellant.
Edward Brinson, of Brinson, Smith & Heller, P.A., Kissimmee, for appellee.
SHARP, Judge.
The plaintiff, Glynn, appeals from a final summary judgment entered by the trial court in favor of the City of Kissimmee. The issue before this court is whether the amended complaint, answer and affidavit filed by the City of Kissimmee conclusively show there was no material issue of fact, and that the City was entitled to judgment as a matter of law. Summary judgments should be granted only in those cases where there remains no genuine issue of any material fact. Axelrod v. Califano, 357 So.2d 1048 (Fla. 1st DCA 1978); Rice v. Plee-Zing Food Stores of West Florida, Inc., 316 So.2d 70 (Fla. 1st DCA 1975). Because we find there was a material issue as to the availability of a "qualified privilege" for the alleged slanderous communication, we reverse and remand the case for trial.
Glynn alleged that he was employed by the City of Kissimmee at its electric plant. On December 24, 1977, Westmoreland, Glynn's supervisor, accused Glynn of being drunk on the job. This accusation was repeated to the plant manager and other city employees. Westmoreland called the Kissimmee City police who transported Glynn to the police station. A breathalyzer test was administered to Glynn, and the results were 0.0%.
The trial court ruled that no publication of the slander took place because the communications were between employees of the same employer, citing Smith v. Anheuser-Busch Brewing Co., Inc., 346 So.2d 125 (Fla. 1st DCA 1977). But the Smith case expressly did not reach that question:[1]
We need not determine whether words spoken to appellants by a manager in the presence of an assistant brewmaster constituted a publication to the assistant or whether that communication was privileged.
Id. at 126. The court held that the statements sued upon in the Smith case were not slanderous in nature.
In this case the alleged statements were clearly defamatory in nature. Alexrod v. Califano, 357 So.2d 1048 (Fla. 1st DCA 1978). Publications which impute to another characteristics or conditions incompatible with the proper exercise of one's business, trade, profession or office are slanderous per se. Drennen v. Westinghouse *776 Electric Corporation, 328 So.2d 52 (Fla. 1st DCA 1976); Prosser Law of Torts § 112 (4th Ed. 1971).
The trial court also ruled that the city was entitled to the summary judgment because the alleged communications were "privileged." Unless the privilege is "absolute" as accorded statements made in judicial proceedings, or on the floor of the Legislature, or other instances where for public policy reasons, no actions for slander or defamation are allowed,[2] the speaker is entitled only to a "qualified" privilege. Statements made by employees to other employees fall within the "qualified privilege" ambit. Drennen v. Westinghouse Electric Corporation, 328 So.2d 52 (Fla. 1st DCA 1976); Sias v. General Motors Corp., 372 Mich. 542, 127 N.W.2d 357 (1964). The existence of a "qualified" privilege vanishes if the statement is made with malice, or to too wide an audience. Abraham v. Baldwin, 52 Fla. 151, 42 So. 591 (1906); Arison Shipping Company v. Smith, 311 So.2d 739 (Fla. 3d DCA 1975); Belcher v. Schilling, 349 So.2d 185 (Fla. 3d DCA 1977). The complaint in this case alleged the defamation was made with malice and in bad faith. The affidavit did not counter these allegations.
Rarely is summary judgment appropriate in a defendant's favor where the existence of a qualified privilege for a defamatory statement is controverted. "Qualified privilege" is a defense and the burden of proving it rests with the defendant. Prosser Law of Torts § 115 (4th Ed. 1971); Abraham v. Baldwin, 52 Fla. 151, 42 So. 591 (1906). Whether the privilege exists or has been exceeded in some manner creates a mixed question of law and fact which should be determined by the trier of fact. Hartley & Parker v. Copeland, 51 So.2d 789 (Fla. 1951); Axelrod v. Califano, 357 So.2d 1048 (Fla. 1st DCA 1968); Frank Coulson, Inc.-Buick v. Trummbull, 328 So.2d 271 (Fla. 4th DCA 1976). In this case, there are material questions of fact as to whether the statements were made with malice or to too wide an audience.
REVERSED and REMANDED.
DAUKSCH, C.J., and SHARP, G. K, Associate Judge, concur.
NOTES
[1] The Smith case cites Drennen v. Westinghouse Electric Company, 328 So.2d 52 (Fla. 1st DCA 1976). Drennen rejected "absolute immunity" for communication between employees of the same employer and remanded the issue for trial.
[2] McNayr v. Kelly, 184 So.2d 428 (Fla. 1966). Prosser Law of Torts § 114 (4th Ed. 1971); Restatement (Second) of Torts § 585-592A (1977).