DANIEL S. PEARSON, Judge,
concurring.
The statement in question was not absolutely privileged, as it did not “[arise] immediately upon the doing of any act required or permitted by law in the due course of the judicial proceedings or as necessarily preliminary thereto.” Ange v. *1147 State, 98 Fla. 538, 541, 123 So. 916, 917 (1929). See Pledger v. Burnup & Sims, Inc., 432 So.2d 1323 (Fla. 4th DCA 1983), rev. denied, 446 So.2d 99 (Fla.1984); Sussman v. Damian, 355 So.2d 809 (Fla. 3d DCA 1977). Although Rogers’s statement is arguably protected by a qualified privilege, Abram v. Odham, 89 So.2d 334 (Fla.1956) (gubernatorial candidate had qualified privilege to make statements in response to and in defense of statements made by the pollster about his candidacy), there are questions of fact as to whether the privilege existed in this particular instance and whether Rogers’s statement, even if not shown to have been made with malice, exceeded the scope of the privilege, see Myers v. Hodges, 53 Fla. 197, 44 So. 357 (1907); Glynn v. City of Kissimmee, 383 So.2d 774 (Fla. 5th DCA 1980); Axelrod v. Califano, 357 So.2d 1048 (Fla. 1st DCA 1978). Of course, if the fact-finder determines there is no privilege, then other issues concerning the actionable nature of the statement will need to be resolved.