680 So.2d 571 (1996)
ESCAMBIA COUNTY SCHOOL BOARD, Appellant,
v.
Lowell W. BRAGG, Appellee.
No. 95-2804.
District Court of Appeal of Florida, First District.
August 15, 1996.
Rehearing Denied October 24, 1996.
Steven J. Baker of Baker & Duke, P.A., Pensacola, for Appellant.
Erick M. Drlicka of Emmanuel, Sheppard & Condon, Pensacola, for Appellee.
PER CURIAM.
Escambia County School Board (hereinafter School Board) appeals from a final judgment entered on a jury verdict in favor of Appellee Bragg on his claim of false arrest, contending, inter alia, that the trial court erred in failing to grant the School Board's motion for directed verdict. We find merit in this contention.
*572 The tort of false imprisonment or false arrest is defined as "the unlawful restraint of a person against his will, the gist of which action is the unlawful detention of the plaintiff and the deprivation of his liberty." Johnson v. Weiner, 155 Fla. 169, 19 So.2d 699, 700 (Fla.1944); Harris v. Lewis State Bank, 436 So.2d 338 (Fla. 1st DCA 1983). In Pokorny v. First Fed. Sav. & Loan Ass'n of Largo, 382 So.2d 678, 682 (Fla.1980), the Florida Supreme Court held:
[A] private citizen may not be held liable in tort where he neither actually detained another nor instigated the other's arrest by law enforcement officers. If the private citizen makes an honest, good faith mistake in reporting an incident, the mere fact that his communication to an officer may have caused the victim's arrest does not make him liable when he did not in fact request any detention.
After careful review of the evidence presented at trial, we conclude that a directed verdict should have been granted the School Board on the false arrest claim. The School Board employees who acted in this case neither detained Bragg nor instigated or procured his arrest. See, e.g., Hudson v. Dykes, 402 So.2d 491 (Fla. 1st DCA 1981). Rather, those employees identified for police officers, albeit erroneously, certain equipment in Bragg's possession as property missing from, and belonging to, Pensacola High School. Both the pursuit and determination of probable cause leading to Bragg's arrest for grand theft were accomplished by Officer Cramer and Officer Fryer, not by employees of the School Board. See Pokorny; see also, Manis v. Miller, 327 So.2d 117 (Fla. 2d DCA 1976)(reversing judgment for plaintiff where defendant made a good faith, honest mistake in identifying plaintiff as an armed robber).
Accordingly, we REVERSE and REMAND with directions to enter judgment in favor of the School Board.
BOOTH, JOANOS and VAN NORTWICK, JJ., concur.