681 So.2d 794 (1996)
Robert A. BECK, II, Appellant,
v.
William LIPKIND, Neil L. Prupis and Joseph Littenberg, Appellees.
No. 95-3194.
District Court of Appeal of Florida, Third District.
October 2, 1996.
Rehearing Denied November 13, 1996.
Steel, Hector & Davis and Elizabeth Du Fresne, Key West; Delgado, Befeler, Starkman & Magolnick and Jay Starkman, Miami, for appellant.
Kaufman, Miller, Dickstein & Grunspan, Edward A. Kaufman and Alan M. Grunspan, *795 Miami; Budd Larner Gross Rosenbaum Greenberg & Sade, Michael M. Rosenbaum, Donald P. Jacobs and Richard M. DeAgazio, Short Hills, NJ, for appellees William Lipkind and Neil L. Prupis.
Gunster, Yoakley, Valdes-Fauli & Stewart, Bernard S. Mandler and Dana A. Clayton, Miami, for appellee Joseph Littenberg.
Before LEVY, GODERICH and FLETCHER, JJ.
PER CURIAM.
In the underlying suit for defamation and conspiracy to defame, we find that the trial court properly granted final summary judgment in favor of the defendants, William Lipkind, Neil L. Prupis, and Joseph Littenberg, where there were no genuine issues of material fact remaining, and the defendants were entitled to summary judgment as a matter of law. Fla. R. Civ. P. 1.510(c). A careful review of the record reveals that the allegedly defamatory acts are not actionable because they were either true, pure opinion, or protected by a qualified business privilege. Hoon v. Pate Constr. Co., 607 So.2d 423, 429 (Fla. 4th DCA 1992), review denied, 618 So.2d 210 (Fla.1993)("[O]pinions cannot be defamatory."); From v. Tallahassee Democrat, Inc., 400 So.2d 52 (Fla. 1st DCA 1981), review denied, 412 So.2d 465 (Fla. 1982)("Pure opinion occurs when the defendant makes a comment or opinion based on facts which are set forth in the article or which are otherwise known or available to the reader or listener as a member of the public."); Axelrod v. Califano, 357 So.2d 1048, 1051 (Fla. 1st DCA 1978)("[T]he elements essential to the finding of a conditionally privileged publication are: 1) Good faith; 2) an interest to be upheld; 3) a statement limited in its scope to this purpose; 4) a proper occasion; and 5) publication in a proper manner. To be qualifiedly privileged, the communication must be made by a person having a duty or interest in the subject matter to another having a corresponding duty or interest.") (citations omitted).
Additionally, "[s]ince we have determined that a cause of action for defamation, a necessary predicate to a cause of action for conspiracy to defame, has not been alleged or proven, an action for conspiracy to defame must also fail." Hoon, 607 So.2d at 430.
The plaintiff's remaining points lack merit.
Accordingly, we affirm.