826 So.2d 534 (2002)
Eddie L. BASS, Appellant,
v.
Ricardo RIVERA, Appellee.
No. 2D01-5696.
District Court of Appeal of Florida, Second District.
September 27, 2002.
Mark A. Gruwell of the Law Offices of Mark A. Gruwell, Sarasota, for Appellant.
Sarah E. Warren, Sarasota, for Appellee.
PARKER, Judge.
Eddie L. Bass appeals the entry of a final summary judgment in favor of Ricardo *535 Rivera in Bass's action for defamation and interference with a contractual relationship. We affirm that portion of the order granting a final summary judgment on count two for interference with a contractual relationship. However, we reverse that portion of the order granting a final summary judgment on count one for defamation.
Bass was attempting to purchase a residential lot in a subdivision in Sarasota County. Rivera was a law enforcement officer who lived in the subdivision. In his amended complaint, Bass alleged that Rivera published a false statement about Bass (that he was an active drug dealer) to the contractor and neighbors and that, as a direct result, he "suffered injury to his name and experienced embarrassment, upset, shock, emotional distress, shame, humiliation, and grief." Rivera submitted affidavits which create a material issue of fact as to whether Rivera published the alleged statement. Rivera's motion for summary judgment also contends that the statement was true, another fact issue.
The elements of a cause of action for defamation are: "(1) the defendant published a false statement (2) about the plaintiff (3) to a third party and (4) that the falsity of the statement caused injury to the plaintiff." Valencia v. Citibank Int'l, 728 So.2d 330, 330 (Fla. 3d DCA 1999). In its final summary judgment, the trial court stated "that assuming the allegations of Defamation are correct, the allegations are not tied to the Defendant and any comments by Defendant are not slander per se." We conclude that the allegations are, however, tied to Rivera in that Bass alleged that Rivera told the contractor that Bass was an active drug dealer. The comments also constitute slander per se. In Wolfson v. Kirk, 273 So.2d 774, 777 (Fla. 4th DCA 1973) (quoting Campbell v. Jacksonville Kennel Club, Inc., 66 So.2d 495, 497 (Fla.1953)), the court recognized "that an oral communication is actionable per sethat is, without a showing of special damageif it imputes to another (a) a criminal offense amounting to a felony." The court explained that "[t]he significance of the classification of a communication as actionable per se lies in the fact that its victim need not plead or prove malice (except where a privilege is involved) or special damage because malice and the occurrence of damage are both presumed from the nature of the defamation." Wolfson, 273 So.2d at 777.
In his motion for summary judgment, Rivera raised qualified privilege, citing Nodar v. Galbreath, 462 So.2d 803 (Fla.1984). If Rivera is entitled to a qualified privilege, which provides a presumption of good faith, then Bass would be required to prove express malice. Nodar, 462 So.2d 803. In his amended complaint, Bass alleged that Rivera acted with malice and bad faith and for the purpose of injuring Bass's name and to bring him "infamy, disgrace, ridicule, contempt, embarrassment, and humiliation." He also alleged that Rivera made the statements "out of personal motivation, unlawful intent, and in a discriminatory manner." It does not appear that this issue was developed any further in the trial court.
"Generally, whether a qualified privilege exists is a mixed question of law and fact subject to determination by the trier of fact." Shafran v. Parrish, 787 So.2d 177, 180 (Fla. 2d DCA 2001). "In Florida, express malice sufficient to overcome the presumption of good faith exists `where the primary motive for the statement is shown to be an intention to injure the plaintiff.'" Thomas v. Tampa Bay Downs, Inc., 761 So.2d 401, 404 (Fla. 2d DCA 2000) (quoting Nodar, 462 So.2d at 806). Here, a fact issue remains as to Rivera's motive in making the alleged *536 statements. Therefore, we conclude that, based on the record before it, the trial court erred in granting summary judgment on the defamation count, and we reverse on the defamation count for further proceedings.
Affirmed in part, reversed in part, and remanded for further proceedings.
ALTENBERND and GREEN, JJ., concur.