848 So.2d 1176 (2003)
Karen Lee SPEARS, Appellant,
v.
ALBERTSON'S, INC., a corporation, Appellee.
No. 1D02-3008.
District Court of Appeal of Florida, First District.
May 20, 2003.
*1177 Lester Makofka, Makofka and Makofka, Jacksonville, for Appellant.
Michael S. O'Neal, Howell & O'Neal, Jacksonville, for Appellee.
HAWKES, J.
Appellant appeals a final order granting summary judgment on her claims for slander and false arrest. Because disputed issues of material fact remain as to both claims, we reverse.
The standard of review applicable to a grant of summary judgment is de novo. Volusia County v. Aberdeen at Ormond Beach, L.P., 760 So.2d 126, 130 (Fla. 2000). "[S]ummary judgment should not be granted unless the facts are so crystallized *1178 that nothing remains but questions of law." Id. The moving party must show conclusively "the absence of any genuine issue of material fact and the court must draw every possible inference in favor of the party against whom a summary judgment is sought." Moore v. Morris, 475 So.2d 666, 668 (Fla.1985). If the evidence is conflicting, will permit different reasonable inferences, or tends to prove the issues, it should be submitted to the jury as a question of fact. See Aberdeen at Ormond Beach, L.P., 760 So.2d at 130.

False Arrest
Store manager Craig Sopetto (Sopetto) and investigator Kim Hires (Hires), both Albertson's employees, accused Appellant, a long-time Albertson's employee, of stealing $600.00 by failing to make a cash register "drop." It is uncontested that Hires and Sopetto called Appellant to Sopetto's office, questioned her about the missing $600, and called the police. However, Hires testified she told Appellant "the door was open" and "she was in no way" being held, while at the same time testifying Appellant asked to call her husband, but that Hires told her the police officer would let her make a call after he arrived. Conversely, Appellant testified she asked to leave but Sopetto prevented her from doing so by blocking the door and saying "you're not going anywhere, we called the police."
The tort of "false imprisonment" or "false arrest" is the unlawful restraint of a person against his or her will, and the gist of the action is the unlawful detention of the person and the deprivation of his or her liberty. See Escambia County Sch. Bd. v. Bragg, 680 So.2d 571, 572 (Fla. 1st DCA 1996). To be civilly liable for false imprisonment, one must have personally and actively participated, either directly or by indirect procurement. See Johnson v. Weiner, 155 Fla. 169, 19 So.2d 699 (1944). A plaintiff in a false imprisonment action need not show that force was used in the detention or that he or she orally protested to demonstrate the detention was against his or her will. See Harris v. Lewis State Bank, 436 So.2d 338, 341 (Fla. 1st DCA 1983); Washington County Kennel Club, Inc. v. Edge, 216 So.2d 512 (Fla. 1st DCA 1968). However, a plaintiff alleging false arrest must show the restraint was unreasonable and unwarranted under the circumstances. Harris, 436 So.2d at 341. Whether the restraint was unreasonable under the circumstances is a question of fact, which precludes summary judgment. Id. at 341-342.
Here, disputed issues of material fact remain as to whether Appellant was, in fact, held against her will, thus precluding summary judgment. Moreover, if it is determined that Appellant was held against her will, a question of fact remains as to whether the detention was unreasonable or unwarranted under the circumstances, again precluding summary judgment.

Slander
Ultimately, a uniformed police officer escorted Appellant out of Albertson's through the front of the store, with her hands handcuffed behind her. Appellant testified Sopetto yelled at her "I want my money," as she was being taken through the store in handcuffs. Conversely, Sopetto denied, and the police officer could not recall, Sopetto making any comment to Appellant. The trial court granted summary judgment on this claim based on its holding that the words "I want my money" could never constitute slander. In so doing, the trial court erred. A determination of whether these words constitute slander must be made by considering the context in which the words were spoken.
*1179 "Slander may be defined as the speaking of base and defamatory words which tend to prejudice another in his reputation, office, trade, business, or means of livelihood." Axelrod v. Califano, 357 So.2d 1048, 1050 (Fla. 1st DCA 1978). "When the words published concerning a person tend to degrade him, bring him into ill repute, destroy confidence in his integrity, or cause other like injury, such language is actionable per se." Id. Similarly, "[p]ublications which impute to another characteristics or conditions incompatible with the proper exercise of one's business, trade, profession or office are slanderous per se." Glynn v. City of Kissimmee, 383 So.2d 774, 775 (Fla. 5th DCA 1980). "[A] publication which falsely and maliciously charges another with the commission of a crime is actionable per se." Axelrod, 357 So.2d at 1050 (holding statements made by former employer to a third party that plaintiff was a thief and a forger were actionable per se, and raised a presumption of malice as a matter of law); Bass v. Rivera, 826 So.2d 534, 535 (Fla. 2d DCA 2002) (holding an oral communication that imputes to another a criminal offense amounting to a felony, is actionable per se); Bobenhausen v. Cassat Ave. Mobile Homes, Inc., 344 So.2d 279 (Fla. 1st DCA 1977) (holding statement made by plaintiff's former employer to another that plaintiff was a "thief and a crook" who "stole him blind" was slander per se, if false). "`Qualified privilege' is a defense and the burden of proving it rests with the defendant." Glynn, 383 So.2d at 776. "The existence of a `qualified' privilege vanishes if the statement is made with malice, or to too wide an audience." Id. Whether the privilege exists or has been exceeded creates a mixed question of law and fact which should be determined by the trier of fact. Id.
If the trier of fact believed Appellant, it could be reasonably inferred from Sopetto's comments that Sopetto was loudly accusing Appellant of theft as she was being taken from the store in handcuffs. Thus, a jury could find that the comments, under these circumstances, constitute slander per se and raise a presumption of malice as a matter of law, because they impute to Appellant characteristics incompatible with the exercise of her profession or trade, and charge her with the commission of a crime. See Axelrod, 357 So.2d at 1050; Glynn, 383 So.2d at 775. Moreover, if Sopetto had a qualified privilege, a question of fact remains as to whether the privilege was lost because the statement was made with malice or to too wide an audience.
Because disputed issues of material fact remain, the trial court's order granting summary judgment is REVERSED.
VAN NORTWICK and LEWIS, JJ., concur.