914 So.2d 1 (2005)
Garvey CHARLES, Appellant,
v.
STATE of Florida DEPARTMENT OF CHILDREN AND FAMILIES DISTRICT NINE and Iris Robinson-Griffin, Appellees.
No. 4D04-1110.
District Court of Appeal of Florida, Fourth District.
February 9, 2005.
Rehearing Denied December 1, 2005.
Garvey Charles, Lake Worth, pro se.
Walter J. Postula of Walter J. Postula, P.A., North Palm Beach, for appellees.
GROSS, J.
The main issue in this case is whether an employee's request that his employer explain the reasons for the employee's firing constitutes a complete defense to a defamation action based on the employer's responsive explanation for the termination. We hold that the invited defamation defense applies under this circumstance and affirm the order granting summary final judgment in favor of the employer.
Garvey Charles sued his former employer, the Department of Children and Families, and a former fellow employee, Iris Robinson-Griffin, for defamation. The circuit court entered final summary judgment in favor of the defendants.
Charles raises two points on appeal. First, he argues that the trial judge should have recused herself. Second, he contends that it was error to enter the summary judgment, as genuine issues of material fact remain.
As to the disqualification argument, the record shows that Charles did not raise the issue in the proceedings below. Instead, for the first time on appeal, he cites to Florida Rule of Civil Procedure *2 1.432 and contends that the trial judge should have sua sponte recused herself.
Rule 1.432 was repealed and replaced by Florida Rule of Judicial Administration 2.160 and sections 38.02 and 38.10, Florida Statutes (2004). The statutes and Rule 2.160(d) set forth the grounds upon which a party may predicate a motion for disqualification. Rule 2.160 lays out the procedural requirements for a motion for disqualification. See Cave v. State, 660 So.2d 705, 707-08 (Fla.1995). While section 38.05, Florida Statutes (2004), authorizes a judge to disqualify herself on her own motion, the statute expressly states that a trial judge's failure to sua sponte disqualify herself "shall not be assignable as error or subject to review." Charles has not preserved the issue of the judge's recusal for appellate review. The limited nature of Charles's allegations do not convince us that Canon 3 of the Code of Judicial Conduct required sua sponte recusal.
We next address the summary judgment on the defamation claim. A motion for summary judgment "should not be granted unless the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Hodges v. Citrus World, Inc., 850 So.2d 648, 649 (Fla. 2d DCA 2003); see also Fla. R. Civ. P. 1.510(c). On motion for summary judgment, the burden is on the moving party to "establish[ ] irrefutably that the nonmoving party cannot prevail." Hervey v. Alfonso, 650 So.2d 644, 645-46 (Fla. 2d DCA 1995).
Charles was employed by the Florida Department of Children and Families. He received a written notice of dismissal. Department policy requires that an employee be advised of his termination in a private setting and in the presence of at least one other Department employee. Pursuant to this policy, Charles attended a formal dismissal meeting with Stephen Faroni, the supervisor of Charles's direct supervisor, and Iris Robinson-Griffin, a Department human resources employee.
At the meeting, Charles repeatedly asked why he was being dismissed. Robinson-Griffin responded that Charles was being terminated because of his "criminal lifestyle." Charles alleged that this statement was defamatory, untrue, that Robinson-Griffin knew it was untrue, and that she made the remark with express malice or improper purpose.
The facts demonstrate that this was a case of "invited defamation," which is a complete defense to an action for defamation.
In Litman v. Massachusetts Mutual Life Insurance Co., 739 F.2d 1549, 1560 (11th Cir.1984), the Eleventh Circuit, applying Florida law, recognized that defamation is not actionable where the plaintiff has invited the communication underlying his claim. There, a former insurance agent sued his former employer for, among other things, slander. The agent knew that the former employer had concerns about his "very serious financial problems." Id. at 1555. After the agent's termination, he encouraged a potential future employer to contact his former employer as a reference. The spokesperson for the former employer was generally complimentary, but also disclosed that the former agent "didn't pay his business bills," a statement that was the basis of the slander claim. Id. at 1555-56.
A jury awarded the agent $100,000 on the slander claim. The Eleventh Circuit reversed, holding that the agent had invited and consented to the publication of the defamatory statements to the prospective employer, which amounted to a complete *3 defense to the slander action. The court wrote:
It is axiomatic that "invited defamation," or the issuance of a defamatory statement wherein the injured party precipitated the statement's release, is not actionable. The Restatement of Torts 2d § 583 (1977) states this principle as follows:
. . . the consent of another to the publication of defamatory matter concerning him is a complete defense to his action for defamation.

Accord, Johnson v. City of Buckner, 610 S.W.2d 406 (Mo. [Mo.App.]1980) (plaintiff requested explanation for termination in presence of third parties); Duncatell [Duncantell] v. Universal Life Insurance Co., 446 S.W.2d 934 (Tex. [Tex.App.] 1969); Pierce v. Northwestern Mutual Life Insurance Co., 444 F.Supp. 1098, 1101 (D.S.C.1978). Florida has approved this general rule but has couched it in terms of a lack of "publication," one of the elements necessary to establish a prima facie case of slander. See Maine v. Allstate Insurance Co., 240 So.2d 857 (Fla.Dist.Ct. App.1970) ("[A] communication addressed to a third party, procured to be so addressed by the party libeled, does not amount to a publication."). See also Smith v. Anheuser-Busch Brewing Co., 346 So.2d 125 (Fla.Dist.Ct.App.1977).
Id. at 1560-61 (emphasis added).
The invited defamation defense articulated by Litman applies to Charles's claim. The facts of this case are strikingly similar to an illustration of invited defamation given in the Restatement (Second) of Torts § 583 Ill. 2.:
A, a school teacher, is summarily discharged by the school board. He demands that the reason for his dismissal be made public. B, president of the board, publishes the reason. A has consented to the publication though it turns out to be defamatory.
Here, at the dismissal meeting, Charles's request that the Department explain his termination invited Robinson-Griffin's response within the meaning of the invited defamation defense.
The defense has been applied by other states to bar defamation claims based on statements made by employers who responded to employees' inquiries as to why they were terminated. E.g., Johnson v. City of Buckner, 610 S.W.2d 406 (Mo.Ct. App.1980). The material facts of Johnson, for example, are as follows:
Johnson was a full-time police officer employed by Buckner for about a year when he was terminated by action of the mayor and board of aldermen. The action to terminate Johnson was taken at a closed meeting of the board without notice or hearing, and after the meeting Johnson was called to the meeting and informed that he had been terminated. When Johnson entered the meeting, he noted the presence of a stranger who was not a part of the board of aldermen. When informed that he had been terminated, Johnson asked the reasons and in response the mayor made the following statement:
The counsel voted to dismiss Ray Johnson. All members of this board agree on this is based on his conduct and deportment, careless handling of city property, disregard of orders and his general attitude.
The person unknown to Johnson who was in the meeting at the time Johnson requested the mayor to give the reasons for his termination turned out to be a reporter for a newspaper of general circulation in the area, and the newspaper, on the next day, carried an account of the termination with the reasons as given *4 by the mayor. No other publication by the City or its officers is alleged by Johnson other than the statement given by the mayor at the time Johnson requested the reasons for his termination.
Id. at 408.
Johnson subsequently filed suit against the city for, among other things, defamation. Johnson appealed after the trial court entered summary judgment on the theory that Johnson consented to the disputed disclosure. The Missouri appellate court affirmed and applied section 583 of the Restatement to hold that Johnson's request for the reasons for his termination amounted to a consent to the publication of the city's responsive statements, which constituted an "absolute privilege [that] is not destroyed by the presence of actual malice, but remains absolute even in the presence of actual malice." Id. at 411.
Applying the invited defamation defense in an employment setting such as this encourages employers to be forthright in stating their reasons for a negative employment decision.
AFFIRMED.
POLEN and STEVENSON, JJ., concur.