[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

-----------------------------------------------

No. 04-14303
Non-Argument Calendar

-----------------------------------------------

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
December 16, 2005
THOMAS K. KAHN
CLERK

D.C. Docket No. 03-22415-CV-FAM

ANNIE HARRIS,

Plaintiff-Appellee,

versus

MIAMI-DADE COUNTY DEPARTMENT
OF CORRECTIONS AND REHABILITATIONS,
OFFICER O. TELLEZ,

Defendants-Appellants,

OFFICER J. ARANA,

Defendant.

-----------------------------------------------------------------

Appeal from the United States District Court
for the Southern District of Florida

-----------------------------------------------------------------

(December 16, 2005)

Before EDMONDSON, Chief Judge, ANDERSON and DUBINA, Circuit Judges.

PER CURIAM:

Defendants-Appellants Miami-Dade County (the "County") and Octavio Tellez, a County law enforcement officer, appeal the district court's order determining liability after a jury's verdict in favor of Plaintiff-Appellee, Annie Harris, in this action alleging Florida state law torts of false arrest and battery.[1] No reversible error has been shown; we affirm.

Defendants argue that the district court erred by failing to enter judgment in their favor. First, Defendants contend that Officer Tellez is immune from liability, under Fla. Stat. Ann. § 768.28(9), because the evidence did not show that Officer Tellez acted with a willful and wanton disregard for Harris's human rights and safety. Second, Defendants maintain that the district court should have granted judgment in favor of the County because (1) the evidence could not support Harris's false arrest claim, and (2) Harris's battery claim is subsumed in the false arrest claim.

---

[1] Harris originally filed this action in state court against the County, Officer Tellez, and Officer Jorge Arana. Harris also asserted that Defendants deprived her of her federal constitutional rights under 42 U.S.C. § 1983; Defendants removed the case to federal district court. At trial, Harris conceded that she had failed to meet her burden of proving all of her federal claims and the state law claims against Officer Arana. The district court entered judgment in favor of Officer Arana on all claims and in favor of Officer Tellez and the County on the federal claims. After the jury's verdict in favor of Harris, the district court determined liability against Officer Tellez and the County and, pursuant to 28 U.S.C. § 1441(e)(2), remanded the issue of damages to state court. We have jurisdiction over the district court's order. See Quackenbush v. Allstate Ins. Co., 116 S.Ct. 1712, 1718-20 (1996) (stating that a remand order, not barred from appellate review under 28 U.S.C. § 1447(c) and (d), is appealable as a final order under 28 U.S.C. § 1291, where the order effectively puts the litigants out of federal court and leaves "nothing of the matter on the federal court's docket").

We review de novo a district court's ruling on a Fed.R.Civ.P 50 motion for judgment as a matter of law. Telecom Technical Servs. Inc. v. Rolm Co., 388 F.3d 820, 831 n.10 (11th Cir. 2004). We draw all inferences in favor of the non-moving party: Harris. Id. And we affirm the jury verdict unless no legal basis exists upon which the jury could have found for Harris. Id.

We initially conclude that Defendants abandoned the argument about Officer Tellez having immunity under Fla. Stat. Ann. § 768.28(9).[2] Defense counsel presented this argument in oral Rule 50 motions after the close of Harris's evidence and after the close of the defense case.[3] The district court expressed

[2]This statute provides that employees "of the state or of any of its subdivisions" may not "be held personally liable in tort . . . for any injury or damage suffered as a result of any act . . . in the scope of her or his employment or function, unless such . . . employee . . . acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property." Fla. Stat. Ann. 768.28(9)(a). The statute further states that the "exclusive remedy" for injuries suffered as a result of the act of the employee is "by action against the governmental entity, . . . unless such act or omission was committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property." Id. The statute omits tort liability for the state or its subdivisions for acts of an employee "committed while acting outside the course and scope of her or his employment or committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property." Id.

[3]The district court did not expressly deny Defendants' second Rule 50 motion made at the close of all evidence; instead, the court, without issuing a ruling, allowed the case to go to the jury. Defendants failed to file a post-verdict renewed motion for judgment under Rule 50(b). Some doubt exists about whether Defendants properly preserved their challenges to the sufficiency of the evidence. See Dietz v. Consol. Oil & Gas, Inc., 643 F.2d 1088, 1095 (5th Cir. Apr. 1981) (stating that, when party moved for directed verdict at close of plaintiff's case and at conclusion of defense, but failed to move for a judgment notwithstanding the verdict, appellate court could not examine evidence for sufficiency); but see Fed.R.Civ.P. 50(b) (stating that, if the trial court "does not grant a motion for judgment as a matter of law made after the close of all the evidence," then "[t]he movant may renew its request for judgment as a matter of law" after the entry of judgment). But

3

concern over the County and Officer Tellez being represented by one lawyer: defense counsel agreed that if the jury found that Officer Tellez had acted maliciously with a willful disregard for human rights and safety, then the county could not be liable. Defendants' lawyer indicated that Officer Tellez always was acting within the scope of his employment and that the County should be held responsible if Officer Tellez battered or falsely arrested Harris. Defense counsel then agreed with the district court's statement that Officer Tellez and the County "either sink or swim together": if Officer Tellez was liable for battery and false arrest, then so was the County. And at the charge conference, defense counsel agreed with the court's decision to strike a proposed instruction that, to impose liability on Officer Tellez, the jury needed to determine that he acted wantonly or with malice. Further, in discussing the proposed verdict form, defense counsel stipulated that, if the jury simply found that Harris proved that Officer Tellez committed battery or false arrest, judgment would be entered against the county. Thus, although Defendants raised the argument that Officer Tellez should escape liability because of Harris's alleged failure to present evidence that Officer Tellez acted wantonly or with malice, Defendants then abandoned this argument.

---

even assuming that Defendants properly preserved their challenges to the sufficiency of the evidence, we reject the merits of these challenges.

4

And, drawing all inferences in favor of Harris, we conclude that sufficient evidence supports the jury's verdict. Under Florida law, a battery consists of "the infliction of a harmful or offensive contact upon another with the intent to cause such contact or the apprehension that such contact is imminent." Quilling v. Price, 894 So. 2d 1061, 1063 (Fla. 5th Dist. Ct. App. 2005). To prove false arrest, a plaintiff must show (1) an unlawful detention and deprivation of liberty against a person's will that is (2) unreasonable and unwarranted by the circumstances and (3) intentional. Spears v. Albertson's, Inc., 848 So. 2d 1176, 1178 (Fla. 1st Dist. Ct. App. 2003). A plaintiff alleging false imprisonment need not show that force was used in the detention. Id.

Here, Harris testified that she had been separated from her husband for several weeks and that her husband attempted to enter their home, accompanied by Officers Tellez and Arana. Harris stated that, when she opened the door, Officer Tellez reached for her, grabbed her around the waist from behind, and that she and Officer Tellez fell to the ground. Harris testified that Officer Tellez remained on top of her while she was face down, told her to be quiet, and told her that she was going to jail. Harris stated that the officers allowed her husband to enter and "take whatever he wanted." According to Harris, she then was handcuffed, was taken to a police station, and eventually was taken to jail, where she spent several hours.

5

Harris denied (1) that she pushed either of the officers, (2) that she prevented her husband or the officers from entering the home, and (3) that she became angry and told her husband and the officers to leave.

The officers presented a different version of the facts. They testified that they responded to a call to help Harris's husband retrieve some items from his home. They observed him attempt to open the door with a key; after several tries, he pushed open the door and Officer Tellez placed his foot in the door to allow Harris's husband to enter. The officers testified that they followed Harris's husband into the house and that Harris then became angry with the officers. According to the officers, Harris yelled at them and eventually pushed Officer Tellez. Officer Tellez stated that he grabbed Harris, took her to the ground, handcuffed her, and arrested her for battery of a police officer.

Under the facts that Harris testified about, and drawing all inferences in favor of Harris, sufficient evidence supports the jury's determination that Officer Tellez committed the torts of battery and false arrest. As the district court opined, this case came down to "[s]he said, he said"; the jury believed Harris's version of the events.

And we disagree with Defendants' argument that the battery claim is "subsumed" in the false arrest claim. Under Harris's version of the facts, which

the jury believed, Officer Tellez battered her without provocation and then committed the separate tort of falsely arresting her. In other words, Harris's testimony reflects that the battery occurred before the arrest; Defendants thus improperly characterize the battery as the use of force incident to Harris's arrest.[4]

Defendants also challenge the district court's exclusion of the arrest affidavit and the offense incident report that Officer Tellez prepared.[5] Defendants claim that these documents should have been admitted under Fed.R.Evid. 803(6) and (8). Defendants claim that the exclusion of these documents prejudiced them because (1) the documents were necessary to corroborate the officers' testimony, (2) after excluding the documents, the district court allowed Harris to cross-examine the officers about the contents of these documents, and (3) during its deliberation, the jury asked to see a copy of "the police report."

We cannot say that the district court abused its discretion by excluding the documents as cumulative, under Fed.R.Evid. 403.[6] See Tran v. Toyota Motor

---

[4] We reject Defendants' reliance on Jackson v. Sauls, 206 F.3d 1156, 1171 (11th Cir. 2000), and Lester v. City of Tavares, 603 So. 2d 18 (Fla. 5th Dist. Ct. App. 1992), both of which refer to a battery occurring during the course of an arrest.

[5] We review evidentiary rulings of the district court for abuse of discretion. Cabello v. Fernandez-Larios, 402 F.3d 1148, 1160 (11th Cir. 2005).

[6] We thus need not decide whether the district court should have admitted the report and affidavit as exceptions to the rule against hearsay, under Fed.R.Evid. 803(6) and (8).

Corp., No. 04-12520, manuscript op. at 11 (11th Cir. Aug. 18, 2005) (stating that part of district court's broad authority over trial management is the power to exclude cumulative testimony).

Our review of the record shows that the officers testified about their version of the events; and this testimony covers all the information contained in the arrest affidavit and offense report. Further, the district court allowed Harris, without introducing the report and affidavit as extrinsic evidence, to impeach the officers by asking them about the facts they testified to on direct examination but had not included in the report and affidavit. In other words, the officers were questioned extensively about the contents of the affidavit and the report: we cannot discern how the district court's exclusion of the documents themselves constitutes harmful error. See Club Car, Inc. v. Club Car (Quebec) Import, Inc., 362 F.3d 775, 781 (11th Cir. 2004) (stating that exclusion of cumulative testimony was harmless error).[7]

AFFIRMED.

---

[7]About Defendants' attempt to show prejudice based on the jury asking to see a copy of the report during its deliberations, we note that the district court then asked the parties whether it should reopen the case and allow the parties to introduce the report. But defense counsel indicated that, at that point in the proceedings, the court simply should instruct the jury to rely on its recollection of the evidence.