HAWKES, J.
Appellant challenges the trial court’s order granting summary judgment in her negligence case. Because we conclude the evidencé permitted different réasonable inferences, we reverse.
This case involves a single vehicle accident, which resulted in death. It was tried with another case, which also involved a single vehicle accident resulting in death. Both accidents occurred at the same intersection within a 12 hour period. The intersection was undergoing construction. At issue was whether the stop sign placement at the intersection was proper.
The facts common to both cases show the stop sign post was broken off at the bottom, and had been placed back in the ground. Although the post was replaced after the second accident, it was unknown as to whether the sign was broken before the first accident, and it was clearly broken at the time of the second accident. The broken post made the stop sign too low and its low height was a reason to replace the sign. The stop sign was replaced three times over the weekend the accidents occurred. There was evidence that at the time of the first accident, the stop sign was placed approximately 8 feet from the side of the road, and evidence that at the time of the second accident, the sign was placed 18 feet from the side of the road. The common evidence was that the sign had never been moved from its original location.
The trial court entered summary judgment, concluding the stop sign was properly placed and clearly visible at the time of both accidents, and there was no evidence of negligence. However, to reach its conclusions, the trial court had to weigh the evidence and make inferences.
Clearly, from the evidence presented, it could be inferred that the sign was broken, was too low, and was placed too far (18 feet) from the side of the road at the time of both accidents. It could also be inferred that the stop sign, being too low and too far, was not clearly visible.
Because the facts permitted different reasonable inferences, and the inferences reached tended to prove the issue, the cases should have- been submitted to the jury. See Spears v. Albertson’s, Inc., 848 So.2d 1176, 1177-1178 (Fla. 1st DCA 2008) (noting summary judgment should not be granted unless the facts are so crystallized that nothing remains but questions of law); Volusia County v. Aberdeen at Ormond Beach, L.P., 760 So.2d 126, 130 (Fla.2000) (noting if the evidence is conflicting, will permit different reasonable inferences, or tends to prove the issues, it should be submitted to the jury as a question of fact). The trial court erred as a matter of law by granting summary judgment. The order granting summary judgment is REVERSED.
BENTON and VAN NORTWICK, JJ., concur.